IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALAN JARED HUERTA LUNA,<br><br>Petitioner,<br><br>vs.<br><br>TODD BLANCHE, in his official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; and DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | **8:26CV400**<br><br>**ORDER TO SHOW CAUSE** |

On August 6, 2026, through counsel, Petitioner Alan Jared Huerta Luna, who is a citizen of either El Salvador or Mexico, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive Relief. Filing 1 at 2 (¶ 2) (alleging that Huerta Luna "is a native and citizen of El Salvador"), 4 (¶ 9) (alleging that Huerta Luna "is a citizen and national of Mexico"). The Petition challenges Huerta Luna's continued detention by Immigration and Customs Enforcement (ICE) after a "targeted" vehicle stop on July 8, 2026, and the denial of a change of custody status by the immigration court on the ground that it lacked jurisdiction. Filing 1 at 4 (¶¶ 10–12). Huerta Luna states, "The issue is whether the Petitioner should be mandatorily detained under 8 U.S.C. § 1225(b)(2) or under 8 U.S.C. § 1226(a) and therefore be entitled to a bond hearing." Filing 1 at 4 (¶ 13).

In his Petition, Huerta Luna asserts a single claim for relief based on alleged violation of procedural due process. Filing 1 at 8. This claim alleges in essence, "The mandatory detention of

the Petitioner in McCook Detention Facility under § 1225(b) is inconsistent [with] and violates well-established principles of procedural due process." Filing 1 at 8 (¶ 31). He alleges that his claim satisfies all three prongs of the test in *Mathews v. Eldridge*, 424 U.S. 319 (1976), because he has a private interest in being free from physical detention; his detention creates a risk of erroneous deprivation of that right in part because of "the statutory deficiencies and plethora of contrary case law with § 1225(b) being improperly used"; and the government's "virtually nonexistent" fiscal and administrative burden of holding a bond hearing in his case. Filing 1 at 8–9 (¶¶ 35–38). As relief, Huerta Luna prays that the Court will grant the following:

> 41. Assume jurisdiction over this matter.
>
> 42. Order the immediate release of the Respondent due to the violation of procedural due process.
>
> 43. In the alternative, grant Petitioner a writ of habeas corpus directing the Respondents to provide the Petitioner with a bond hearing within one week.
>
> 44. Instruct the Department of Homeland of Security that they have burden of proof to show by clear and convincing evidence that continued detention is necessary to ameliorate the risk of flight or danger.
>
> 45. The presiding immigration judge must consider ability to pay a bond and the availability of release with conditions as sufficient to protect any government interest in preventing flight risk or danger.

Filing 1 at 10 (Prayer for Relief).

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). The writ does not extend to a prisoner unless he or she falls into one of the categories listed in § 2241(c), including *inter alia* that the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus "may be granted." *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

As to the applicable procedure for habeas actions, 28 U.S.C. § 2243 provides as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.
>
> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

The Court concludes that—although the Court has rejected similar claims for habeas relief by aliens in ICE custody—it is not clear from Huerta Luna's Petition that he is not entitled to any relief at all. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). That said, the Court declines to "forthwith award the writ" based on no more than Huerta Luna's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent[s] to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* The Court will set a time frame for Respondents to "make a return certifying the true cause of the detention." *Id.* The Court finds good cause, based on the circumstances and allegations presented, to allow Huerta Luna a short time for a written reply after Respondents make their Returns but before any hearing. 28 U.S.C. § 2243 (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). The Court will wait until it has reviewed the parties' briefs to decide whether or not to set a date and time for any show-cause hearing. *See Ruiz v. Norris*, 71 F.3d 1404, 1406–07 (8th Cir. 1995) (explaining that "an evidentiary hearing [in a habeas case] is unnecessary and not required in cases 'where the petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted'" (quoting *Amos v. State*, 849 F.2d 1070, 1072 (8th Cir. 1988))).

Accordingly,

IT IS ORDERED that

1. Petitioner Huerta Luna shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service;

2. Respondents shall make a return certifying the true cause of Huerta Luna's detention and why his Petition should not be granted not later than three business days after they receive Huerta Luna's Petition and this Order to Show Cause;

3. Petitioner Hula shall have three business days after Respondents file their return(s) to file any reply; and

4. Upon the filing of Respondents' return(s) and Huerta Luna's reply, the Court will determine whether or not to set a hearing on this matter prior to disposition.

Dated this 11th day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge